UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MICHAELENE J. SCANNAVINO,

    Plaintiff,

v.                                              CASE NO: 8:05-cv-684-T-23TBM

FLORIDA DEPARTMENT OF CORRECTIONS,
et al.,

    Defendants,

_____/

**ORDER**

    The plaintiff stipulates (Doc. 147) to the appointment of a guardian ad litem "only in consideration of costs savings and time effectiveness for all parties involved." However, Rule 17(c), Federal Rules of Civil Procedure, provides for the appointment of a guardian ad litem only in the case of "an infant or incompetent person" but not in the case of economy or efficiency. If the mental competency of a litigant is at issue, a district court should "conduct a hearing to determine whether the party is competent." Krain v. Smallwood, 880 F.2d 1119, 1121 (9th Cir. 1989); In re Chicago Rock Island and Pac. R.R. Co., 788 F.2d 1280, 1282 (7th Cir. 1986) (holding that a district court's authority to appoint a guardian ad litem may become a duty if a mental incompetent is a party to federal litigation). See also Yoder v. Patla, 234 F.3d 1275 (7th Cir. 2000). Indeed, if "a party exhibits a limited ability to understand a proceeding affecting her rights, the court must undertake even more strenuous efforts to explain the process and

give the party a meaningful opportunity to respond." Neilson v. Colgate-Palmolive Co., 199 F.3d 642, 658 (2d Cir. 1999).

Because the plaintiff's competency to proceed remains undetermined, no appointment of a guardian ad litem is available.  Accordingly, the plaintiff's offer to stipulate to the appointment of a guardian ad litem is **REJECTED** and (as previously scheduled) an evidentiary hearing to determine the plaintiff's competency will occur on **Wednesday, April 25, 2007, at 1:30 P.M.**, in Courtroom 15A, United States Courthouse, 801 N. Florida Avenue, Tampa, Florida.  The plaintiff shall personally attend the hearing.

ORDERED in Tampa, Florida, on April 23, 2007.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE